UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA GARZA, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 923 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| MARTHA CERVANTES, GEORGE CARDENAS, | ) | |
| ANTHONY MUÑOZ, and the CHICAGO POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Yolanda Garza—a serial litigator whose efforts have accelerated in recent years, *see Garza v. Sec'y of Health and Human Servs.*, 92 C 4203 (N.D. Ill.) (voluntarily dismissed Sept. 16, 1992); *Garza v. Cook Cnty. Assessor's Office*, 04 C 3455 (N.D. Ill.) (dismissed pursuant to settlement Feb. 17, 2005); *Garza v. City of Chicago*, 12 C 1170 (N.D. Ill.) (dismissed June 1, 2012); *Garza v. People of the State of Illinois*, 12 C 1319 (N.D. Ill.) (dismissed Mar. 2, 2012); *Garza v. Holzman*, 12 C 2524 (N.D. Ill.) (dismissed June 26, 2012); *Garza v. People of the State of Illinois*, 12 C 2560 (N.D. Ill.) (remanded Apr. 10, 2012); *Garza v. Brown*, 12 C 2974 (N.D. Ill.) (remanded Apr. 24, 2012); *Garza v. Garza*, 12 C 8832 (N.D. Ill.) (dismissed Nov. 9, 2012)—brought this *pro se* suit under 42 U.S.C. § 1983 and state law against Martha Cervantes, Chicago Alderman George Cardenas (who also was sued in 12 C 1170), Illinois State Senator Anthony Muñoz (about whose actions Garza complained in 12 C 1170, *see* Doc. 14 on that docket), and the Chicago Police Department. Doc. 7. The complaint alleges that Garza was improperly arrested for eavesdropping under 720 ILCS 5/14-2(a)(1) for carrying a camcorder after Cervantes, Garza's neighbor, called Alderman Cardenas's and Senator Muñoz's offices to

complain about her. *Id*. at 3-4. The complaint purports to state § 1983 claims for false arrest, unreasonable seizure, unreasonable search, failure to intervene, and conspiracy to violate Garza's constitutional rights, and state law claims for false arrest, assault, battery, false imprisonment, malicious prosecution, and conspiracy. *Id*. at 2, 5.

Back in July 2014, the Chicago Police Department, Alderman Cardenas, and Senator Muñoz ("Moving Defendants") moved to dismiss the suit pursuant to Federal Rule of Civil Procedure 12(b)(6). Docs. 24, 32, 38. Garza moved four times for an extension of time to respond to the motions, citing injuries she had sustained from a fall. Docs. 44, 49, 53, 56. Garza's fourth extension motion stated: "I acknowledge that there will be no further extensions." Doc. 56. The court granted all four extension motions, with the last order setting Garza's response date as December 22, 2014 and providing, consistent with Garza's acknowledgement, that no further extensions would be granted. Docs. 46, 51, 55, 58. Garza missed the filing deadline, and Moving Defendants filed reply briefs on January 12, 2015 noting that fact. Docs. 59, 61. For the following reasons, the motions to dismiss are granted, Garza's federal claims against Moving Defendants are dismissed with prejudice, and her state law claims against those defendants and Cervantes are dismissed without prejudice to Garza pursuing them in state court.

"If [a court is] given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). It follows that a plaintiff's failure to respond to a Rule 12(b)(6) motion giving plausible reasons for dismissal provides adequate grounds for granting the motion. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("As to the defendants' motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions.");

*Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) ("[w]hile Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss," and "[a]ccordingly, [his] retaliation claim has been waived"); *Kirksey*, 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

The Chicago Police Department's brief plausibly argues that under Illinois law, it does not have a legal existence separate from the City of Chicago and therefore id not amenable to suit. Doc. 24 at 2; *see Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009) ("a police department is not a suable entity under § 1983"). Even if Garza had named the City of Chicago as a defendant, the complaint does not come close to alleging a viable *Monell* claim. Alderman Cardenas plausibly contends that (1) Garza's complaint does not allege personal involvement sufficient to impose § 1983 liability on him, and (2) the only claim plausibly lodged against Cardenas, conspiracy, does not satisfy Rule 8(a). Doc. 32 at 4-6; *see Beaman v. Freesmeyer*, __ F.3d __, 2015 WL 156744, at *9 (7th Cir. Jan. 13, 2015) ("To establish conspiracy liability in a § 1983 claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights."); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal quotation marks omitted). Finally, Senator Muñoz plausibly argues that (1) Garza has failed to state a claim against him under Rule 8(a), and (2) if receiving a telephone call from Cervantes violated Garza's constitutional rights, those rights were not clearly established at the time of the violation, entitling him to qualified immunity. Doc. 38 at 2-4; *see Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (holding that Rule 8(a) "asks for more than a sheer possibility that a defendant has acted unlawfully"); *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992) ("A complaint must contain more than mere conclusory allegations of such a conspiracy [between private parties and state actors]; a factual basis for such allegations must be provided.").

By failing to respond to any of these arguments, Garza has effectively abandoned her federal claims against Moving Defendants and forfeited any substantive argument she might have had against Rule 12(b)(6) dismissals. *See Alioto*, 651 F.3d at 721 ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.") (internal citations omitted); *Lekas*, 405 F.3d at 614; *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.") (internal citation omitted). Garza is *pro se*, but "[e]ven pro se litigants … must expect to file a legal argument and some supporting authority." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (alterations in original); *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines."). Because Garza failed to respond to Moving Defendants' plausible arguments in support of dismissal, the Rule 12(b)(6) motions are granted and her federal claims against

Moving Defendants are dismissed with prejudice.  *See Baker v. Chisom*, 501 F.3d 920, 926 (8th Cir. 2007).

The court declines to exercise supplemental jurisdiction over the state law claims against Moving Defendants and the remaining defendant, Martha Cervantes, a private individual. (Because the complaint leaves no doubt that all parties are Illinois citizens—Garza's address is listed as Chicago, Cervantes is alleged to be her neighbor, and Muñoz and Cardenas are elected officials in Illinois—there can be no diversity jurisdiction.)  Section 1367(c)(3) of Title 28 provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pend[e]nt state claims."  *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007).  This general rule has three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided."  *Ibid*.

None of the exceptions apply here.  Illinois law gives Garza one year to refile her state law claims in state court if the applicable limitations period for those claims expired while the case was pending in federal court.  *See* 735 ILCS 5/13-217; *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008).  Substantial federal judicial resources have not yet been committed to the state law claims.  And it is not clearly apparent how the state law claims should be decided.  It follows that relinquishing jurisdiction over the state law claims is the appropriate course under § 1367(c)(3).  *See RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479-80 (7th Cir. 2012); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994).

* * *

After the foregoing opinion was prepared, but before it was finalized and issued, Garza filed a fifth motion for an extension of time to respond to the motions to dismiss. Doc. 62. Like the other extension motions, this motion states that the injuries Garza sustained from a fall have prevented her from completing her responses; the motion also attaches a doctor's note dated October 21, 2014, a month before she filed her fourth extension motion, which, as noted above, acknowledged that there would be no further extensions.

The latest extension motion is denied. Because Garza did not seek an extension until over a month after her responses were due, her motion is governed by Rule 6(b)(1)(B), which provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). As shown by her filing of the first four extension motions, Garza could have sought an extension before the December 22, 2014 deadline had expired; this would have given her the benefit of the more lenient standard for extensions under [Rule 6(b)(1)(A)](#) and relieved her of the obligation to show excusable neglect. But her latest extension motion offers no reason why it could not have been filed before the deadline. Given the procedural history here—and as an aside, the court notes that one of Garza's earlier cases was dismissed because she did not file an amended complaint after being given three extensions, *see Garza*, 12 C 1170, Doc. 13—this failure is fatal to her extension request. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) ("Although a medical emergency could cause excusable neglect, counsel failed to demonstrate that his illness was of such a magnitude that he could not, at a minimum, request an extension of time to file his response [before the deadline had passed]."); [*Johnson v. Gudmundsson*, 35 F.3d 1104, 1111 (7th](#)

Cir. 1994) ("As the district court noted, counsel's family problems almost certainly would have been justification for an extension of filing deadlines, *if sought prospectively*. None of counsel's proffered explanations, however, amounted to a special emergency that excused his failure to notify the court (and opposing counsel) of his predicament and to ask leave of the court for additional time in which to attend to his client's pending litigation. Accordingly, the trial court acted well within the bounds of her discretion in denying Johnson's belated motion for leave to file a statement of material facts under Rule 12(N) and a memorandum in opposition to Thorspring's motion for summary judgment.") (emphasis added); *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chicago*, 2012 WL 6019013, at *1 (N.D. Ill. Nov. 30, 2012) (denying a Rule 6(b)(1)(B) extension request under circumstances comparable to those presented here), *aff'd*, 543 F. App'x 591 (7th Cir. 2013); *Casey v. Quality Restaurants & Concepts*, 2012 WL 3261367, at *2 (N.D. Miss. Aug. 8, 2012) ("[B]ecause the time for the present response expired without a motion for time, the more stringent standards of Rule 6(b)(1)(B) apply. An extension under this rule can be granted only upon a showing of *both* good cause and excusable neglect. Under these circumstances, part of the good cause showing generally required by this court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time."). Indeed, in *Keeton*, the Seventh Circuit affirmed the district court's denial of a Rule 6(b)(1)(B) motion where, as here, "[t]he court had already gone through the effort of analyzing the case and drafting its … Opinion before [the plaintiff] attempted to file a late response." 667 F.3d at 884.

**Conclusion**

For the foregoing reasons, Defendants' motions to dismiss are granted, and Garza's motion for an extension is denied. Garza's federal claims against the Chicago Police Department, George Cardenas, and Anthony Muñoz are dismissed with prejudice under Rule 12(b)(6). Garza's state law claims against those three defendants and Martha Cervantes are dismissed without prejudice to Garza pursuing those claims in state court. *See In re IFC Credit Corp.*, 663 F.3d 315, 320 (7th Cir. 2011) ("[D]ismissal for want of jurisdiction, not being an adjudication on the merits, is without prejudice[.]").

February 3, 2015

_____
Gary Feinerman, United States District Judge